### MONROE CORZINE v. THE STATE.

#### No. 2997. Decided March 25, 1904.

**Evidence—Conflicting Theories Settled by Trial Court.**

Where the State's case makes out a sale, while the defendant's testimony controverts this, the evidence justifies the finding of the court that appellant is guilty of a violation of the local option law.

Appeal from the County Court of Hunt. Tried below before Hon. F. M. Newton.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Appellant's motion for new trial only insists that the judgment of the court is not supported by the law and the evidence. The case was tried by the court without a jury. The orders contained in the record are regular and in proper form. The evidence on the part of the State on the question of fact is substantially as follows: Noah Smith testified: "I asked defendant if he had some whisky, telling him I was sick and needed some stimulants. He said he did not have any. I then asked if he could get me some. Said he thought he could, and asked how much I wanted. I replied a quart, and he said it would cost me $1.50. I told him I did not care a damn what it cost, I wanted it anyway. I then gave him $1.50 and he went away, and after quite a while he returned, gave me a quart of whisky, which I took and used." Appellant controverts this, and stated that he told prosecuting witness Smith that the whisky would cost $1, and that he (defendant) would charge 50 cents for his services in going for the whisky. This statement he supports in part by the testimony of the man from whom he

Vol. 47 Crim.—6.

bought the whisky; that is, this party testified that defendant gave him $1 for the whisky. Under this testimony it occurs to us that the evidence is sufficient to support the finding of the court. The State's case makes out a sale, while defendant's testimony controverts this. The controversy having been decided against appellant by the court, we can not say the evidence does not justify the finding. If the testimony of prosecutor be true it is clearly a sale; while on the other hand, if the testimony of defendant be true, it is not. We hold the court did not err in finding appellant guilty. The judgment is affirmed.

*Affirmed.*